UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
ASHEVILLE DIVISION
1:12-cv-347-RJC

| | |
|---|---|
| JACOB MICHAEL OLLIS, | ) |
| Plaintiff, | ) |
| v. | ) ORDER |
| TIM FRANKLIN, et al., | ) |
| Defendants. | ) |

**THIS MATTER** is before the Court upon initial review of Plaintiff's Complaint filed under 42 U.S.C. § 1983. (Doc. No. 1).

## I. BACKGROUND

According to his Complaint, Plaintiff is in pre-trial custody in the Avery County jail awaiting a state charge of second-degree murder. Plaintiff alleges that on October 26, 2012, Defendant Stout, an Avery County Correctional Officer, delivered a piece of legal mail to Plaintiff. The piece of mail had been opened for inspection by Defendant Franklin but its contents were not examined after Franklin concluded that it was legal mail. Plaintiff contends that as his case is one for second degree murder, and one piece of legal mail was opened, that he has "reason to believe and facts to prove [his] civil and constitutional rights are being violated in order to build a case" against him. (Doc. No. 1 at 4).

## II. LEGAL STANDARD

Under the provisions of 28 U.S.C. § 1915A(a), the "court shall review, before docketing, if feasible . . . a complaint in a civil action in which a prisoner seeks redress from a governmental entity or employee of a governmental entity." Following this initial review, the

1

"court shall identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint is frivolous, malicious, or fails to state a upon which relief can be granted." Id. § 1915A(b)(1).

Section 1983 provides a remedy where a person acting under color of state law deprives someone of a right secured by federal law. Section 1983 applies to violations of federal constitutional rights, as well as to certain limited federal statutory rights. See Maine v. Thiboutot, 448 U.S. 1, 4 (1980) (finding "that the § 1983 remedy broadly encompasses violations of federal statutory as well as constitutional law"); see also Gonzaga Univ. v. Doe, 536 U.S. 273, 283 (2002) (holding that a right must be "unambiguously conferred" by a statute to support a Section 1983 claim); Golden State Transit Corp. v. Los Angeles, 493 U.S. 103, 107-08, n.4 (1989) ("A claim based on a statutory violation is enforceable under § 1983 only when the statute creates 'rights, privileges, or immunities' in the particular plaintiff.").

A pro se complaint in a proceeding in forma pauperis must be construed liberally. Haines v. Kerner, 404 U.S. 519, 520 (1972). However, the liberal construction requirement will not permit a district court to ignore a clear failure of the plaintiff to allege facts which set forth a claim that is cognizable under federal law. Weller v. Dep't of Soc. Servs., 901 F.3d 387 (4th Cir. 1990).

In order to survive a motion to dismiss, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Id. (citing Twombly, 550 U.S. at 556). It is not necessary that Plaintiff allege exhaustive,

2

"detailed factual allegations," but [Rule 8 of the Federal Rules of Civil Procedure] "demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." Id. (citing Twombly, 550 U.S. at 555).

## III.   DISCUSSION

Plaintiff alleges one instance while awaiting trial at the Avery County jail where his legal mail was opened. (Doc. No. 1 at 4). An isolated incident of opened mail, taken as true for purposes of this review, cannot support a finding, or even a reasonable inference, that one or more of the named defendants deliberately tampered with Plaintiff's legal mail or deliberately interfered with his right to access the courts. See Smith v. Maschner, 899 F.2d 940, 944 (10th Cir. 1990) (finding that isolated incident of accidentally opening prisoner mail by prison official did not lead to a constitutional violation because there was no evidence of an improper motive or intention to interfere with the prisoner's right to access the courts); see also Washington v. James, 782 F.2d 1134, 1139 (2d Cir. 1986) (isolated incident of interference with privileged mail "might not give rise to an action for damages under 42 U.S.C. § 1983 where the infraction was not in accordance with official policy or practice and where no showing had been made that the inmate's right of access to the courts was chilled").

While Plaintiff attempts to support his Section 1983 complaint by claiming that he has "reason to believe and facts to prove" his contention that a conspiracy has emerged in jail to prevent his fair day in court on his second-degree murder charge, Plaintiff has failed to alert the Court as to what any of those "facts" are. Based on the allegations in Plaintiff's Complaint, the Court does not find that a lone incident of opened legal mail can support an actionable claim. At best, Plaintiff has set forth a claim for negligence. However, "[t]he Supreme Court has made it clear that liability under § 1983 must be predicated upon a '*deliberate*' deprivation of

3

constitutional rights by the defendant . . . . It cannot be predicated upon negligence." <u>Woodward v. City of Worland</u>, 977 F.2d 1392, 1399 (10th Cir. 1992) (emphasis in original) (internal citations omitted). Accordingly, Plaintiff's Complaint under § 1983 fails to state a claim upon which relief can be granted and it will be dismissed.

## IV. CONCLUSION

**IT IS, THEREFORE, ORDERED** that:

1. Plaintiff's Application to Proceed Without Prepayment of Fees or Costs, (Doc. No. 2), is **GRANTED**; and

2. Plaintiff's Complaint, (Doc. No. 1), is **DISMISSED** for failure to state a claim upon which relief may be granted. 28 U.S.C. § 1915A(b)(1).

Signed: November 20, 2012

Robert J. Conrad, Jr.
Chief United States District Judge

4